UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TASHA CHAPMAN,<br><br>        Plaintiff,<br><br>-against-<br><br>U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; CONSULTANT TO GOVERNMENT, INC.; JUSTIN DAVIS; FELICIA HOLLAND; UNITED STATES ATTORNEY GENERAL'S OFFICE,<br><br>        Defendants. | 25-CV-4765 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who states that she currently resides in a homeless shelter in the Bronx, brings this *pro se* action alleging that Defendants violated her rights under federal law and the Ohio Constitution with respect to events that occurred in Ohio. Named as Defendants are the United States Department of Housing and Urban Development ("HUD"); Consultant to Government, Inc. ("CGI"), which Plaintiff describes as a "Public Housing Authority" in Columbus, Ohio; Justin Davis, President of the Columbus Metropolitan Housing Authority ("CMHA"); CMHA Housing Specialist Felicia Holland; and the United States Attorney General's Office. For the following reasons, this action is transferred to the United States District Court for the Southern District of Ohio.

## DISCUSSION

  Plaintiff's claims are governed by the general venue statute, 28 U.S.C. § 1391. Under Section 1391(e)(1), a civil action brought against a federal agency or a federal official acting in his or her official capacity must be brought in:

> any judicial district in which (A) a defendant in the action resides, (B) a
> substantial part of the events or omissions giving rise to the claim occurred, or a

substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1).

For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff alleges that Defendants discriminated against her with respect to housing assistance she applied for from HUD and CMHA when she resided in Columbus, Ohio. Plaintiff does not plead the residence of any of the defendants. However, she does provide Columbus, Ohio employment addresses for CGI, Davis, and Holland. Columbus, Ohio is located in the Southern District of Ohio. *See* 28 U.S.C. § 115(b). To the extent they are not immune from suit in this action, HUD and the Attorney General's Office, as federal agencies or offices, can be considered residents of every judicial district in the county. Venue for this action is therefore likely proper under Section 1391(e)(1)(A) in every district in the country, including this District and the Southern District of Ohio.

The events giving rise to Plaintiff's claims occurred in Columbus, Ohio. Venue for this action is therefore proper under Section 1391(e)(1)(B) in the Southern District of Ohio. Nothing in the complaint suggests that any of the events giving rise to Plaintiff's claims occurred in this District. To the extent that Plaintiff's claims do not involve real property, and she is now considered to be domiciled in the Bronx, venue is also proper under Section 1391(e)(1)(C) in this District.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the

convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Columbus, Ohio, where the federal defendants reside, and the other defendants are employed. Because Plaintiff's claims involve housing benefits she applied for through HUD and CMHA in Columbus, it is reasonable to expect that the relevant documents and witnesses also would be in Columbus. Moreover, a search of the Public Access to Court Electronic Records ("PACER") database shows that Plaintiff has previously filed actions in the Southern District of Ohio against some of the same defendants, in which she appears to assert similar, if not the same, claims. *See Chapman v. Davis*, No. 2:24-CV-2051 (S.D. Ohio July 15, 2024) (dismissing action against Davis, CMHA, and CGI, among others, for failure to state a claim, deeming Plaintiff a "vexatious litigator," and enjoining her from filing future actions in that court unless the complaint is certified by an attorney), *appeal dismissed*, No. 24-3660 (6th Cir. May 14, 2025); *Chapman v. Columbus Metro. Hous. Auth.*, No. 2:24-CV-1789 (S.D. Ohio May 7, 2024) (dismissing action against CHMA and CGI, among others, for failure to state a

claim). The Southern District of Ohio appears to be a more convenient and appropriate forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Southern District of Ohio. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of Ohio. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 13, 2025
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge