UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TASHA CHAPMAN,

                Plaintiff,

-against-

U.S. DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT; CONSULTANT
TO GOVERNMENT, INC.; JUSTIN DAVIS;
FELICIA HOLLAND; UNITED STATES
ATTORNEY GENERAL'S OFFICE,

                Defendants.

25-CV-4765 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brought this action *pro se*. By order dated June 13, 2025, and entered on the docket on June 16, 2025, the Court transferred this action, under 28 U.S.C. § 1404, to the United States District Court for the Southern District of Ohio. (ECF 4.) That court acknowledged receipt of the transferred action on June 25, 2025.[1] On June 30, 2025, Plaintiff filed the following submissions: (1) a "Motion to Vacate, Reopen and for Relief from the Transfer Order" under Rules 59(e) and 60 of the Federal Rules of Civil Procedure (ECF 5); (2) a memorandum of law in support of her motion (ECF 6); (3) a motion to dismiss her claims against several of the defendants pursuant to Rule 41 of the Federal Rules of Civil Procedure (ECF 7); (4) a "Notice of Intent to Appeal" (ECF 8)[2]; and (5) a document labeled "Plaintiff's Objection to Transfer Order" (ECF 9). For the reasons set forth below, the Court lacks jurisdiction to consider Plaintiff's motions.

---

[1] Under Local Civil Rule 83.1 of this court, the Clerk of Court, "unless otherwise ordered, shall upon the expiration of seven (7) days effectuate the transfer of [an action] to the transferee court."

[2] Plaintiff did not file a notice of appeal.

## DISCUSSION

The transfer of an action divests the transferor court of jurisdiction over that action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of the transferred action). The transferor court retains jurisdiction over the action only if the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court." *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995); *see also Tlapanco v. Elges*, No. 15-CV-2852 (AJN), 2017 WL 4329789, at *3 (S.D.N.Y. Sept. 14, 2017) (holding that the transferor court retains jurisdiction if "a party opposing the transfer . . . preserve[d] his opportunity to attack the decision by filing a motion for a stay or for reconsideration or a notice of appeal in the transferor court, or a petition for mandamus in a superior court, before the transfer is given effect").

Here, the transferee court acknowledged receipt of this action on June 25, 2025. Plaintiff filed her submissions on June 30, 2025, after the transfer had already taken effect. The transfer of this action divested this Court of jurisdiction to act in this matter after receipt in the transferee court. The Court must therefore deny Plaintiff's motions because the Court lacks jurisdiction to consider those submissions. To the extent Plaintiff seeks to voluntarily dismiss her claims against certain defendants or seek other relief, she must do so in the transferee court.

## CONCLUSION

Because the Court lacks jurisdiction to act in this matter, the Court denies Plaintiff's motions (ECF 5, 6, 7, 8, 9). This matter remains closed in this court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 2, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge

3